UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NICHOLAS FITZPATRICK,

        Plaintiff,                        Case No. 1:06-cv-499

v.                                           Honorable Richard Alan Enslen

MARCIA WILLIAMS, *et al.*,

        Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.[1] Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to his claim of retaliation, it will be dismissed without prejudice. The Court also will dismiss sixteen Defendants for lack of exhaustion. The Court will order service of Plaintiff's Eighth Amendment claims upon the remaining fourteen Defendants.

## **Discussion**

    I.      Factual allegations

Plaintiff is presently incarcerated at the Standish Correctional Facility, but the events giving rise to his Complaint occurred while he was incarcerated in the Bellamy Creek Correctional

---

[1] Plaintiff has two other cases pending in this Court that concern the same or related events. *See Fitzpatrick v. Curry, et al.*, 1:05-cv-521 (W.D. Mich.) and *Fitzpatrick v. Krajnik*, 1:05-cv-752 (W.D. Mich.).

Facility ("IBC").  In his *pro se* Complaint, he sues thirty employees of the Michigan Department of Corrections ("MDOC"):  IBC Corrections Officers Marcia Williams, (unknown) Issac, (unknown) Collier, Robert McWilliams, Dale Hanses, (unknown) Tefft, (unknown) Hamilton, (unknown) Pung, (unknown) Fleck, (unknown) Szafranski, (unknown) Angel, (unknown) Sura and (unknown) Battle; IBC Sergeants Gloria Curry, (unknown) Wise, (unknown) Johnson and (unknown) Randle; IBC Lieutenant (unknown) Hill; IBC Resident Unit Managers (unknown) Vroman and (unknown) Mitchell; IBC Case Managers (unknown) Rose and Brian Hadden; IBC Inspector (unknown) Welton; IBC Warden Kenneth McKee; IBC Deputy Warden Cathleen Stoddard; IBC Assistant Deputy Warden (unknown) Signs; IBC Hearings Investigator (unknown) Novak; MDOC Director Patricia Caruso; and  Prisoner Affairs Manager James Armstrong.  Plaintiff also sues Michigan State Police Officer Jacquelyn Stasiak.

Plaintiff claims that Defendants failed to protect him from a known homosexual predator.  He alleges that prisoner Anthony Goodner forcibly raped him in the shower on four occasions in August and September of 2004.  Plaintiff claims that he was physically injured during the sexual assault that occurred on September 27, 2004, and Defendants delayed in providing him access to medical treatment.  In addition, Plaintiff claims that Defendants placed him in administrative segregation in retaliation for his complaints against prisoner Goodner.  Plaintiff asserts violations of his First, Eighth and Fourteenth Amendment rights.  He seeks declaratory and injunctive relief, as well as monetary damages in excess of $100,000,000.

II. Exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with

respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[2] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues plaintiff may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

The MDOC provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (prisoners may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Prisoners may grieve

---

[2] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

alleged "racial or ethnic discrimination or staff brutality or corruption" directly to Step III. Plaintiff wrote a grievance concerning his Eighth Amendment claims on September 10, 2004, that he submitted directly to Step III. The grievance specifically mentioned Defendants Williams, Curry, Vroman, Issac, Collier, Wise, Rose, Tefft, Hamilton, Pung, Stoddard and McKee. *See* Step III No. 164293-26h. The Step III respondent, James Armstrong, referred the matter to the Internal Affairs Division. Plaintiff wrote a second grievance on October 3, 2004, which he filed at Step I. *See* Grievance No. IBC-0410-4151-18A. The grievance referenced Defendants Vroman, Williams and Hill. Plaintiff appealed the grievance to Step III. On November 12, 2004, Plaintiff filed a second Step I grievance asserting his Eighth Amendment claims against Defendants Hill, Williams and Hanses. *See* Grievance No. IBC-0411-4809-28E. He appealed the grievance to Step III. Accordingly, Plaintiff exhausted his Eighth Amendment claims against Defendants Williams, Curry, Vroman, Issac, Collier, Wise, Rose, Tefft, Hamilton, Pung, Stoddard, McKee, Hill and Hanses.

On April 12, 2005, Plaintiff wrote a fourth grievance concerning the events described in his Complaint. Plaintiff alleged that he was placed in segregation in retaliation for reporting that he had been raped by prisoner Goodner. *See* Grievance No. IBC 05-04-1673-28e. The grievance was rejected as untimely at Step I. The rejection was upheld at Steps II and III. In a recent decision, the Supreme Court held that a prisoner fails to satisfy the PLRA's exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance. *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. Because his

grievance was rejected as untimely, Plaintiff failed to exhaust his retaliation claim against any of the named Defendants in that grievance.

Plaintiff's complaint is a "mixed complaint," alleging both exhausted and unexhausted claims. Under the Sixth Circuit's partial exhaustion rule, Plaintiff's exhausted claims may proceed, while his unexhausted claims must be dismissed without prejudice. *See Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006); *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006). Accordingly, Plaintiff's retaliation claims must be dismissed without prejudice. Moreover, because Plaintiff failed to exhaust any claim against the following Defendants, they must be dismissed from this action without prejudice: McWilliams, Welton, Mitchell, Fleck, Szafranski, Johnson, Angel, Sura, Novak, Signs, Battle, Hadden, Randle, Caruso, Armstrong and Stasiak. The Court will order service of Plaintiff's exhausted Eighth Amendment claims against Defendants Williams, Curry, Vroman, Issac, Collier, Wise, Rose, Tefft, Hamilton, Pung, Stoddard, McKee, Hill and Hanses.

## Conclusion

In light of the foregoing, Plaintiff's claim of retaliation will be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. In addition, sixteen Defendants will be dismissed without prejudice for lack of exhaustion. The Court will order service of Plaintiff's exhausted Eighth Amendment claims against the remaining fourteen Defendants.

An Order and Partial Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
August 31, 2006  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE