UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NICHOLAS FITZPATRICK,

        Plaintiff,                Case No. 1:06-cv-499

v.

                                    Honorable Richard Alan Enslen

MARCIA WILLIAMS, *et al.*,

        Defendants.
_____/

### ORDER

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff sued 30 employees of the Michigan Department of Corrections, claiming that they failed to protect him from a known homosexual predator. On August 31, 2006, the Court issued an Opinion and Order dismissing the Complaint against 16 of the Defendants because Plaintiff failed to exhaust his administrative remedies against them. The Court ordered service of the Complaint against the remaining 14 Defendants. This matter now is before the Court upon Plaintiff's motion for clarification and reinstatement of Defendants Armstrong and Caruso and Plaintiff's request for reinstatement of Defendant Hill. Plaintiff's motions are construed as motions for relief from judgment brought pursuant to FED. R. CIV. P. 60(b).

        A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated,

or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

In his first motion, Plaintiff claims that the Court mistakenly dismissed Defendants Caruso and Armstrong for lack of exhaustion. Plaintiff claims that he grieved Defendants Caruso and Armstrong directly to Step III (Compl. Ex. J). In the first section of the Step I grievance form, the prisoner is asked what attempt he made to resolve the issue being grieved. Plaintiff responded in part that he "tried to resolve this issue by way of a personal complaint to Director Patricia Caruso and Internal Affairs division James Armstrong." In the second section of the Step I grievance form, the prisoner is asked to clearly state the problem. While Plaintiff complained that he was physically and sexually assaulted by another prisoner for the third time, he did not make any specific factual allegations against any of the Defendants named in the Complaint. In order to exhaust his administrative remedies, a prisoner is required to allege specific wrongdoing by the Defendant(s). *See Alder v. Corr. Med. Servs.*, 73 Fed. App. 839, 841 (2003) ("[Prisoner] must grieve the specific conduct he is dissatisfied with to properly exhaust.") Because Plaintiff did not allege any specific conduct or wrongdoing by Defendants Caruso and Armstrong, he failed to properly exhaust his administrative remedies against them.

In his second motion, Plaintiff claims that he exhausted his administrative remedies against Defendant Hill, but concedes that he inadvertently failed to file with his Complaint the grievances demonstrating exhaustion of his claim against Defendant Hill. Plaintiff now provides grievance forms with his motion that purport to demonstrate exhaustion against Defendant Hill. The Court has no discretion in allowing amendment to avoid the dismissal of a case under the PLRA. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *accord Baxter v. Rose*, 305 F.3d

486 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003). Plaintiff, therefore, may not amend his Complaint to demonstrate exhaustion against Defendant Hill. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Clarification and Reinstatement of Defendants Armstrong and Caruso (Dkt. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Reinstatement of Defendant Hill (Dkt. No. 9) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>November 3, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |