UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS FITZPATRICK,

       Plaintiff,                                 Hon. Richard Alan Enslen

v.                                                 Case No. 1:06 CV 499

MARCIA WILLIAMS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Rule 56(b) Motion for Summary Judgment. (Dkt. #18). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. Inmate Anthony Goodner is a "known homosexual predator" with a history of "preying on vulnerable inmates." (Complaint at ¶¶ 61-63). Between August 25, 2004, and September 27, 2004, Goodner forcibly raped Plaintiff four times. *Id.* at ¶¶ 69-70, 73, 86, 89. During the last such assault Goodner cut Plaintiff's hand with a knife. *Id.* at ¶ 90.

Plaintiff alleges that Defendants failed to protect him from Goodner's assaults and, furthermore, delayed in providing him with access to medical treatment for his hand injury. *Id.* at ¶¶ 91-97, 167, 201-06, 218-20. Plaintiff also claims that he was placed in administrative segregation in

retaliation for reporting Goodner's assaultive behavior. *Id.* at ¶ 133. The events giving rise to this action occurred while Plaintiff was incarcerated at the Bellamy Creek Correctional Facility. *Id.* at ¶ 6.

Plaintiff initiated the present action on July 17, 2006, against thirty individuals. (Dkt. #1). On August 31, 2006, the Honorable Richard Alan Enslen dismissed Plaintiff's retaliation claims for failure to exhaust administrative remedies. (Dkt. #5-6). The court also dismissed all of Plaintiff's claims against sixteen Defendants for failure to exhaust administrative remedies. The only claims which the court permitted to go forward were Plaintiff's Eighth Amendment claims that Defendants (1) failed to protect him from Goodner, and (2) delayed in providing him with medical treatment for his injured hand. On December 11, 2006, twelve of the remaining Defendants submitted the present motion for summary judgment. (Dkt. #18). On January 11, 2007, the Court granted Plaintiff's motion for extension of time, granting Plaintiff until March 11, 2007, to respond to Defendants' motion for summary judgment. (Dkt. #43). Plaintiff, however, has failed to respond to Defendants' motion.

## **STANDARD**

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

   A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

   As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

**I.        Failure to Protect Claim**

As previously noted, Plaintiff claims to have been sexually assaulted by inmate Goodner on four occasions between August 25, 2004, and September 27, 2004. Plaintiff asserts that Defendants subjected him to cruel and unusual punishment, in violation of his Eighth Amendment rights, by failing to protect him from Goodner's predatory assaults.

To prevail on his claim that Defendants failed to protect him, Plaintiff must establish that Defendants were deliberately indifferent to "a substantial risk of serious harm" to Plaintiff. *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To establish that Defendants acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 829, 847).

Plaintiff has failed to submit any evidence that Defendants were (or should have been) aware that Goodner represented a danger to Plaintiff. As previously noted, Plaintiff has failed to even respond to the present motion for summary judgment. Defendants, on the other hand, have submitted unrefuted evidence entitling them to summary judgment. Defendants have submitted evidence that Plaintiff has acknowledged his failure to report Goodner's alleged assaults to prison officials. (Dkt. #21, Exhibit 7). Defendants have submitted affidavits in which they assert that they were unaware of Goodner's alleged assaultive or predatory behavior. (Dkt. #21, Exhibits 5-6, 8-10, 12-15). Defendants have also submitted evidence that to the extent that Plaintiff and Goodner engaged in sexual relations, such was mutually consensual. (Dkt. #21, Exhibit 1). In sum, Plaintiff has submitted no evidence

demonstrating that Defendants were aware of the alleged risk that Goodner presented to Plaintiff. Accordingly, Defendants are entitled to summary judgment as to this claim.

**II.        Delay in Medical Treatment Claim**

Plaintiff asserts that he was raped by Goodner on September 27, 2004. Plaintiff asserts that during this assault Goodner attacked him with a razor blade, cutting his hand. Plaintiff claims that immediately following this attack he approached several Defendants requesting that he be permitted to go to the hospital for medical treatment. Plaintiff acknowledges that he was taken to the hospital later that day, but asserts that Defendants improperly delayed in securing medical treatment for his injured hand in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06.

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the official possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official

>knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*

In other words, Plaintiff must establish that Defendants "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847). To establish that Defendants acted with the requite culpability, Plaintiff must establish either that Defendants possessed actual knowledge that he experienced a serious medical need or by demonstrating that the circumstances clearly indicated that he was experiencing serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895-96 (6th Cir. 2004) (citation omitted).

In his complaint, Plaintiff alleges that Goodner "sliced threw (sic) three of Plaintiff's fingers" with a knife. Defendants have submitted evidence, however, that Plaintiff suffered only a "superficial" cut which for which he immediately received medical treatment. (Dkt. #21, Exhibits 2, 9, 16). As previously noted, Plaintiff has submitted absolutely no evidence to the contrary. In sum, Defendants have established that they were not deliberately indifferent to Plaintiff's serious medical needs. Accordingly, Defendants are entitled to summary judgment as to this claim.

**III.        Plaintiff's Claims against Defendants Curry and Hamilton**

Plaintiff initiated the present action on July 17, 2006. On August 31, 2006, the Court directed that Plaintiff's complaint be served on fourteen Defendants. Service was successfully effected on only twelve Defendants. The attempts to serve Defendants Curry and Hamilton were unsuccessful.

Plaintiff has yet to serve this action on Defendants Curry or Hamilton and, moreover, has not requested the Court's assistance in effecting service on these Defendants.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).

Considering Plaintiff's lack of diligence in attempting to effect service on Defendants Curry and Hamilton, the Court recommends that Plaintiff's claims against Defendants Curry and Hamilton be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendants' Rule 56(b) Motion for Summary Judgment</u>, (dkt. #18), be **granted** and Plaintiff's action **dismissed**. The Court further recommends that Plaintiff's claims against Defendants Curry and Hamilton be **dismissed without prejudice** for failure to timely effect service.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,


Date:  June 21, 2007                /s/ Ellen S. Carmody
                ELLEN S. CARMODY
                United States Magistrate Judge